UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ORVAL D. HILL, III,

                        Plaintiff,

   v.                                            **DECISION AND ORDER**
                                                                 12-CV-50S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

      1.      Plaintiff, Orval D. Hill, challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Hill alleges that he has been disabled since January of 2009 due to bipolar disorder, anxiety, and panic attacks, and that these impairments render him unable to work. He therefore asserts that he is entitled to disability insurance benefits and supplemental security income (collectively "benefits") under the Act.

      2.      Hill filed an application for benefits under Titles II and XVI of the Act on March 10, 2009, alleging an inability to work since January 16, 2009 because of his bipolar disorder. The Commissioner of Social Security ("Commissioner") denied Hill's initial application and, as a result, he requested an administrative hearing. A hearing was held on July 22, 2009 before Administrative Law Judge ("ALJ") William M. Weir, at which Hill appeared with counsel and testified. The ALJ considered the case *de novo*, and on March 25, 2011, issued a decision denying Hill's application for benefits. Hill filed a request for review with the Appeals Council, but the Council denied his request on December 9, 2011. Hill filed the current civil action on January 19, 2012, challenging the Commissioner's final

1

decision.¹

3. On December 22, 2011, the Commissioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

¹ The ALJ's March 25, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Hill has not engaged in substantial gainful activity since January 16, 2009 (R. at 17);[2] (2) Hill's bipolar disorder is a severe impairment within the meaning of the Act (R. at 17); (3) Hill's impairments do not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 18); (4) Hill retains the residual functional capacity to perform a full range of work at all exertional levels provided it involves simple repetitive tasks with minimal public contact[3] (R. at 19); (5) Hill is unable to perform his past relevant work (R. at 21-22); and (6) at thirty-three years old, Hill is a "younger individual" with a high school education who retains a residual functional capacity to perform work available in the national economy (R. at 22). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision. (R. at 22.)

---

[2] Citations to the underlying administrative record are designated as "R."

[3] In support of this finding, the ALJ explained that "claimant's admitted daily activities are consistent with the ability to perform simple unskilled work . . . ." He noted that Hill cooks, cleans, cares for his daughter when she visits, rides a motorcycle, takes online college courses, socializes with friends, and plays in a band. (R. at 21.)

4

10. Hill's Complaint does not set forth any specific objection to the Commissioner's decision or analysis. On August 1, 2012, the SSA moved for judgment on the pleadings on the grounds that the decision is supported by substantial evidence, and the ALJ properly assessed both Hill's residual functional capacity and his credibility. Hill's counsel moved for an extension of time to file a response, and a new deadline was set for October 4, 2012. No response was filed nor has there been a request for further extension. Thus, the Commissioner's motion is submitted as unopposed.

11. There can be no dispute, and Hill conceded at the hearing, that he has no physical, exertional impairment. He claims a disability based solely on his mental functioning. In this regard, the ALJ considered Hill's treatment records, the assessments of his treating psychiatrist and psychologist, the assessments of a consultative psychiatrist and psychologist, and Hill's testimony.

12. On the face of the decision, the first potential issue is the fact that the ALJ afforded little weight to the assessments of Hill's treating sources. An ALJ will give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2); see Roma v. Astrue, 468 Fed. Appx. 16, 18 (2d Cir. 2012). But, a treating physician's statement that a claimant is disabled is not determinative, and the Commissioner must consider whether the opinion is consistent with the entire medical record. Parker v. Harris, 626 F.2d 225, 232 (2d Cir. 1980).

Having fully reviewed the record, the Court finds no error in the ALJ's conclusion that the opinions of Hill's treating sources are not supported by substantial evidence. For

example, Dr. Lopez, Hill's psychiatrist, opined that Hill had either no ability or a limited ability to perform activities associated with unskilled work. (R. 345-46.) This opinion is inconsistent with Dr. Lopez's reported GAF score of 70 (indicating Hill had only mild symptoms or some difficulty in social, occupational or school settings, but was generally functioning well (R. at 343)), and his treatment records noting that Hill's mood was stable, he was functioning better, and was calm and relaxed (R. 354-55). Dr. Deeb, the treating psychologist, assessed moderate to marked difficulties in social functioning, and frequent to constant deficiencies in maintaining concentration, persistence, or pace. (R. 373.) Yet Hill reported to his doctors and/or the SSA that he socialized with friends, went fishing, engaged in romantic relationships, rode a motorcycle, played in two bands, and could understand and follow instructions, finish what he started, and complete his college courses, receiving grades of A and A-. The ALJ further considered Hill's reported daily activities, which included personal care and grooming, caring for his daughter when she was with him, cooking, cleaning, and taking college courses.

In light of this record, the ALJ gave weight to the consultative examiners who assessed Hill as exhibiting at most a moderate limitation in functional capacity. The ALJ's residual functional capacity assessment is supported by substantial evidence.

12. Also potentially at issue here is the ALJ's assessment of Hill's credibility. It is within the ALJ's discretion to evaluate the credibility of the claimant's complaints, but he must do so "in light of medical findings and other evidence, regarding the true extent of the [symptoms] alleged by the claimant." Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir. 1984) (alteration added). Here, the ALJ did not completely dismiss Hill's allegations; in fact, he agreed that Hill's medically determinable impairments could reasonably be expected to cause the symptoms complained of. However, the ALJ pointed to numerous, specific

6

instances in which Hill's testimony was not consistent with the record evidence (R. at 21-22.), and concluded that certain of his statements about the intensity, persistence, and limiting effects of his symptoms were not credible. Essentially, the ALJ found that the medical record and Hill's admitted daily and routine activities support the conclusion that he leads an active life despite his alleged disability.

Here, the ALJ examined the requisite factors and set forth the reasons for his conclusion. The Court finds no error in his assessment of Hill's credibility.

13. Finally, the ALJ did not err in concluding that Hill retains the residual functional capacity to perform work existing in significant numbers in the national economy. As already noted, Hill confirmed he had no exertional limitations. The ALJ considered this fact, along with Hill's vocational factors, to determine that he could perform a full range of work at all exertional levels, limited to simple, repetitive tasks with minimal public contact. (R. 19.) The ALJ then properly applied 20 C.F.R., Part 404, Subpart P, Appendix 2, Rule 204.00, in concluding that Hill could perform jobs that existed in significant numbers in the national economy and, therefore, was not disabled.

14. Accordingly, for the reasons stated above and having found that ALJ Weir's RFC determination and finding of "not disabled" were supported by substantial evidence, the Commissioner's motion is granted.

****

IT HEREBY IS ORDERED that the Commissioner's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: January 16, 2013
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court